THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIBERLAY, INC., a Washington corporation; R.L. BROCK & ASSOCIATES, INC., a Washington corporation; and ROBERT L. BROCK, an individual,<br><br>     Plaintiffs,<br><br>  v.<br><br>GRACO, INC., a Minnesota corporation; and GRACO WASHINGTON INC., a Washington corporation,<br><br>     Defendants. | No. 11-01441 RSL<br><br>STIPULATED PROTECTIVE ORDER AND STIPULATED ORDER REGARDING "CLAWBACK" OF INADVERTENTLY PRODUCED DOCUMENTS<br><br>NOTE ON MOTION CALENDAR:<br><br>Wednesday, February 22, 2012 |

## I. STIPULATION

### THE NEED FOR CONFIDENTIALITY

  By letter dated November 14, 2011, this Court informed the parties that it would not

enter the proposed "Stipulated Protective Order and Stipulated Order Regarding "Clawback"

of Inadvertently Produced Documents."  The Court noted five deficiencies with the proposed

order.  Plaintiffs and Defendants have addressed those deficiencies and hereby stipulate and

agree to this revised order and the procedures set forth herein for designating and protecting

*Protective Order - 1*

HILLIS CLARK MARTIN & PETERSON P.S.<br>1221 Second Avenue,  Suite 500<br>Seattle, Washington  98101-2925<br>Telephone: (206) 623-1745<br>Facsimile: (206) 623-7789

confidential or proprietary information and for addressing the inadvertent production of Privileged Material as herein defined.

The primary purpose of this order is to protect the confidential and proprietary information of Toray Composites (America), Inc. ("Toray") and Defendants (collectively "Graco").  Toray is not a party to this action.  Toray purchased products from Graco at issue in this lawsuit.  Plaintiffs allege that Graco failed to pay them the proper sales commission for the sale of these products.

Toray manufactures composite materials for the aerospace, automobile and other industries through confidential and proprietary methods.  Graco collaborated with Toray to develop these confidential and proprietary manufacturing methods.  Toray requires Graco employees to sign non-disclosure agreements requiring that all business information and any confidential and proprietary data be held in confidence and not disclosed absent Toray's authorization.  The disclosure of Toray's and Graco's manufacturing methods and costs of production could provide an unfair advantage to Toray's competitors and Graco's competitors.  Accordingly, the primary purpose of this order is to protect Toray and Graco from the public disclosure of their confidential or proprietary information.

CONFIDENTIALITY

1.      This Order shall apply to and govern all information that the disclosing party designates as "CONFIDENTIAL" during discovery in this case.  This includes depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery in any form.

*Protective Order - 2*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

2.    When used in this Order, the phrase "disclosing party" shall refer to the parties to the above-captioned litigation or to non-parties who give testimony or produce documents or other material.

3.    When used in this Order, the word "document" encompasses, but is not limited to, any type of document or testimony, including all documents or things described in Federal Rule of Evidence 1001(1)-(4) and/or Rule 34.

4.    The disclosing party who designates any material "CONFIDENTIAL" (sometimes referred to herein as a "designating party") bears the burden of establishing the "CONFIDENTIAL" status of such material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden.  The parties enter into and stipulate to this Order without prejudice to the rights of any party to assert or contest the "CONFIDENTIAL" status of any material as set forth below.

5.    A disclosing party may designate as "CONFIDENTIAL" any trade secret or other confidential research, design, development, financial or commercial information, as such terms are used in Rule 26(c)(1)(G), and any information  that is subject to a confidentiality or nondisclosure agreement between any of the parties and any third party.  In particular, the parties agree and the Court orders that Graco, Inc. may designate as "CONFIDENTIAL" any information that is subject to any Non-Disclosure Agreement entered into between Graco and Toray Composites (America), Inc., and that such information will be treated as CONFIDENTIAL pursuant to this Stipulated Order.

6.    In designating material as "CONFIDENTIAL," a disclosing party shall make such a designation only as to material which it in good faith believes is confidential.

*Protective Order - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

7.      Any party or non-party receiving any non-public material from a disclosing party, regardless of whether such material is designated as "CONFIDENTIAL," shall use that material solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

8.      In the absence of written permission from the disclosing party or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(a)      The named parties and the attorneys working on the above-captioned litigation on behalf of any party, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

(b)      Any expert or consultant who is expressly retained by any attorney described in Paragraph 8(a) to assist in the above-captioned litigation, with disclosure only to the extent reasonably necessary to perform such work;

(c)      Any fact witness, including named parties, provided, however, that the witness (i) shall not retain any documents marked as "CONFIDENTIAL," and (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL," that he/she is being shown such materials solely for use in this Action; and

(d)      The Court, jury, court personnel, court reporters, and other persons connected with the Court.

9.      The persons described in Paragraphs 8(a)-(c) shall have access to "CONFIDENTIAL" material only after they have been made aware of the provisions of this Order (including, without limitation, Paragraph 7).  Counsel retaining or representing the

*Protective Order - 4*

persons described in Paragraph 8(b) shall require that such persons manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "ACKNOWLEDGMENT."  The persons described in Paragraph 8(c) shall have access to "CONFIDENTIAL" material only after Counsel retaining, representing, interviewing or deposing those persons has provided a copy of this Order to such persons for review and requests (but shall not require) those persons to manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "ACKNOWLEDGMENT." Counsel shall retain copies of the signed "ACKNOWLEDGMENT" forms until the completion of the above-captioned litigation.  Any person receiving "CONFIDENTIAL" material is enjoined from disclosing that material to any other person, except in conformance with this Order.  The parties shall act in good faith to eliminate, whenever possible, the expenditure of "on the record" time to effectuate or confirm compliance with this Paragraph at any deposition.

10.     A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom any "CONFIDENTIAL" material is disclosed, or to whom the information contained therein is disclosed.  Upon a good faith showing by a party that this Order has been violated, the Court may review such lists if necessary and appropriate to address or resolve the purported violation.

11.     This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals who receive "CONFIDENTIAL" material shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

*Protective Order - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

12.     The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material. "CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order and labeled in the same manner as the designated material on which they are based.

13.     Disclosing parties shall designate "CONFIDENTIAL" material as follows:

(a)     In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made, as appropriate under the terms of this Stipulation and Order, by placing the following legend on each page of any such document: "CONFIDENTIAL."  In the event that a disclosing party inadvertently fails to stamp or otherwise designate a document or other material as "CONFIDENTIAL" at the time of its production, that disclosing party may stamp or otherwise designate the document or other material as "CONFIDENTIAL" at any reasonable time thereafter.  The delay in designating a document as "CONFIDENTIAL" shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order, but such document or other material shall be treated as "CONFIDENTIAL" only beginning at the time such designation occurs, provided, however, that the foregoing provision shall not apply to any documents or material that had already been made publicly available prior to the designation.

*Protective Order - 6*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(b)      "CONFIDENTIAL" material may be used in depositions.  Designation of the portion of the deposition transcript (including exhibits) that contains "CONFIDENTIAL" material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the disclosing party or counsel for the disclosing party to whose "CONFIDENTIAL" material the deponent has had access, which shall be so designated within twenty-one days after the transcript of the deposition is made available. During those twenty-one days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL."

(c)      Any "CONFIDENTIAL" material produced in a non-paper media (e.g., videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL."  In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as "CONFIDENTIAL" pursuant to the terms of this Order.

14.      Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL" or entitled to confidential treatment.  No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated materials or information as "CONFIDENTIAL" contend that any delay by another party in objecting to the designating party's "CONFIDENTIAL" designation in any way (a) lends support to the designating party's "CONFIDENTIAL" designation or (b) invalidates or diminishes in any way the objecting party's challenge of the "CONFIDENTIAL" designation for any such materials or information.  In the event that any party disagrees at any stage of

*Protective Order - 7*

these proceedings with such designation, counsel for such party shall notify counsel for the

disclosing party in writing (the "Notice").  The objecting party shall identify each particular

document bearing a designation to which it objects and shall specify the reason(s) for the

objection, provided that the party challenging the "CONFIDENTIAL" designation may

identify multiple documents by Bates number (whether in a range of consecutive numbers or

otherwise) in its Notice when the reason or reasons for challenging the "CONFIDENTIAL"

designation apply in the same manner to the documents identified in the Notice.  Within seven

calendar days of the receipt of the Notice, counsel for the parties (and any non-party involved)

shall promptly schedule a date and time to meet and confer to attempt resolve the dispute in

good faith on an informal basis consistent with the requirement to confer in good faith under

Rule 26(c)(1) and Rule 37(a)(1).  If the dispute cannot be resolved, the party that designated

the materials in question as "CONFIDENTIAL" may request appropriate relief from the

Court, and the objecting party may also request any relief from the Court that it deems

appropriate (which shall have first been raised no later than during the parties' meet and

confer) in its opposition to the designating party's motion or other proposed method of

seeking relief from the Court.  The materials in question shall retain their "CONFIDENTIAL"

status until the Court rules on any such motion so long as the party that designated the

materials in question as "CONFIDENTIAL" seeks relief from the Court within:  (i) thirty

days of the date the parties initially met and conferred, if the disagreement pertains to fewer

than ten documents; or (ii) forty-five days of the date the parties initially met and conferred, if

the disagreement pertains to ten or more documents.  The parties (and any non-party

involved) may agree to extend the time for the disclosing party to apply to the Court for relief.

If the designating party does not apply to the Court for a ruling on the designation of

*Protective Order - 8*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

discovery material as "CONFIDENTIAL" within the time period prescribed herein or agreed

to by the parties, the discovery material will no longer be deemed "CONFIDENTIAL."  The

designating party may request a telephonic hearing with respect to the "CONFIDENTIAL"

status of materials in compliance with Local Rule 7(i).  Nothing in this Order shall alter the

burden on the disclosing party to establish the "CONFIDENTIAL" status of information it has

so designated.

15.     Nothing contained in this Order shall be construed to limit any party's right to

use or offer in Court any "CONFIDENTIAL" information, except that no

"CONFIDENTIAL" information shall be used or offered in Court or filed in the public record

absent the consent of the disclosing party or until the Court rules on a motion to seal pursuant

to the provisions of paragraph 16.

16.     Documents containing "CONFIDENTIAL" material shall not be filed with the

Court unless the filing party reasonably believes it is reasonably necessary to do so for

purposes of trial, motions or other Court matters.  The parties will comply with Local Rule

5.2(a) pertaining to redacted filings and shall refrain from including, or shall partially redact

where inclusion is necessary, personal data identifiers from all documents filed with the court

or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court.  In the

event that a party intends to file "CONFIDENTIAL" materials with the Court, it shall provide

at least 14 days notice to the party that designated the materials as "CONFIDENTIAL."  Such

notice shall include identification by Bates number, deposition page transcript or other

specific means of all "CONFIDENTIAL" materials the party intends to file with the Court.  In

such instance:

*Protective Order - 9*

(a)     The party that designated the materials as "CONFIDENTIAL" shall determine if a motion to seal is desired.  Upon making such determination, the party shall, within 14 days of its receipt of the notice, file a motion to seal the "CONFIDENTIAL" materials pursuant to Local Rule 5(g).

(b)     The moving party shall not file the "CONFIDENTIAL" materials with the Court until at least 7 days after the Court enters a ruling on the motion to seal the "CONFIDENTIAL" materials.

(c)     Any motion to seal filed under any subsection of this Paragraph 16 shall be noted for consideration no earlier than the second Friday after filing pursuant to Local Civil Rule 7(d)(2)(c). The Clerk of the Court shall maintain the "CONFIDENTIAL" materials under seal until the Court rules on the motion to seal, subject to the provisions of the following Paragraph 17.

17.     In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three days after the date of the Court's denial of the motion to seal.  If the filing party initially designated the documents "CONFIDENTIAL," then within that three-day period, the filing party may, at its option, withdraw the documents, in which case the documents initially filed under seal shall not be considered by the Court.  If the filing party does not withdraw the documents within the time period prescribed by this Paragraph, the material shall be filed unsealed in the Court file.  If the filing party did not initially designate the documents "CONFIDENTIAL," the materials shall be filed unsealed in the Court file.

18.     In the event that any "CONFIDENTIAL" material is used in any Court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status

*Protective Order - 10*

through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.  In particular, while a motion to seal is pending and before the Court has ruled, no party shall make use in open court of any documents that are subject to that motion to seal without the consent of the designating party or the permission of the Court.

19.     If "CONFIDENTIAL" material is disclosed to any person other than in the manner authorized by this Order, the person or party responsible for the disclosure must seasonably bring all pertinent facts relating to such disclosure to the attention of counsel for the disclosing party and, without prejudice to any other rights and remedies of the parties or non-parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such material.

20.     Nothing in this Order shall preclude any parties or non-parties to the lawsuit or their attorneys (a) from showing a document or part of a document designated as "CONFIDENTIAL" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any material or documents from the disclosing party's own files which the disclosing party itself has designated as "CONFIDENTIAL."

21.     In the event any receiving party having possession, custody or control of any "CONFIDENTIAL" material receives a subpoena, request for production of documents, or other process or order to produce such material in another legal proceeding, from a nonparty to the above-captioned litigation, the receiving party shall:

(a)     give prompt written notice of the subpoena, request for production of documents, or other process or order to counsel for the disclosing party that designated the material as "CONFIDENTIAL";

*Protective Order - 11*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(b)     furnish counsel for that disclosing party with a copy of the subpoena, request for production of documents, or other process or order; and

(c)     cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the disclosing party whose interests may be affected.  The disclosing party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order.  The party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the "CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the disclosing party before producing any "CONFIDENTIAL" information in response to the subpoena, request for production of documents, or other process or order.

22.     Within sixty days of the termination of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review, all nonpublic material produced by a disclosing party, regardless of whether it has been designated "CONFIDENTIAL," and all copies thereof, shall (at the request of the disclosing party) be returned to the disclosing party or destroyed.  The provisions of this paragraph shall not apply to materials filed with the Court, whether sealed or unsealed.  The Court will not return any filed materials to the disclosing party.  If destroyed, counsel shall certify the destruction and provide a copy of the certification to the disclosing party.  Counsel for each disclosing party

*Protective Order - 12*

shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

23.    Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned litigation.

24.    This Order is without prejudice to the right of any party or non-party to seek relief from the Court from any of the provisions contained herein.

25.    This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, over breadth, burdensomeness or other grounds for not producing material called for, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be only as provided by the discovery rules and other applicable law.

26.    The parties will abide by all Court orders and statutory provisions (including applicable law and court orders concerning such provisions) concerning the eligibility of each party to receive documents or other material through discovery.  Any party that is eligible to receive such documents or material shall not provide any documents or material, or information that is contained in or derived from such documents or material, to any other party unless the other party also is eligible to receive such documents or material.  Nothing in this Paragraph, however, shall be read to prevent the parties from filing documents in support of or in opposition to motions in this Court.

**INADVERTENT PRODUCTION**

27.    To the maximum extent permitted by law, the undersigned agree, and the Court orders, that the production of documents by parties, non-party Toray Composites (America), Inc. ("Toray"), and other non-parties that produce documents in this action (collectively, the "Producing Party") shall be governed by Federal Rule of Civil Procedure

*Protective Order - 13*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

26(b)(5)(B) and Federal Rule of Evidence 502 regarding the inadvertent production of material protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law ("Privileged Material").

28.     The procedure set forth below is intended to reduce the time and expense of an initial review for privilege (including any privilege or protection from disclosure recognized under applicable law) and work product protection by providing the Producing Party or any other party purporting to hold a privilege, with an efficient method for retrieving or "clawing back" inadvertently produced Privileged Material, subject to any resolution of any dispute over the privileged or protected status of the Privileged Material, and for foreclosing any arguments of waiver, subject to the procedures outlined below for bringing disputed claims to the Court for resolution.

29.     If a Producing Party, or any other party purporting to hold a privilege, has a good faith belief that Privileged Material has been inadvertently produced, it shall promptly notify the receiving parties of its claim of privilege or protection. In connection with this provision, the parties, Toray and other third parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of Privileged Material, including their obligation to promptly notify the Producing Party in appropriate circumstances.

30.      Upon receipt of any notice claiming that a document is or includes Privileged Material, all other parties, Toray and other third parties producing documents or information (regardless of whether they agree with the claim of privilege or work-product protection) shall promptly:

*Protective Order - 14*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

2

    (a)     use reasonable efforts to destroy or sequester all copies of the inadvertently

produced documents or material in their possession, custody, or control, and notify the

3

4

Producing Party, or any other party purporting to hold a privilege, that they have done so;

5

    (b)     notify the Producing Party that they have taken reasonable steps to retrieve and

6

destroy or sequester the inadvertently produced documents or material from other persons, if

7

any, to whom such documents or material have been provided, consistent with Rule

8

26(b)(5)(B).

9

10

    31.     To the extent a receiving party disputes the claim of privilege or work-product

11

protection (the "Disputing Party"), the Disputing Party shall notify the Producing Party, or

12

any other party purporting to hold a privilege, of its position within seven days of receiving

13

the notice (the "Dispute Notification"). Within seven days of receiving the Dispute

14

Notification, the Producing Party, or any other party purporting to hold a privilege, shall

15

either withdraw its claim of privilege or confer with the Disputing Party in an effort to resolve

16

their disagreement. If the disagreement is not resolved, the Producing Party, or any other party

17

18

purporting to hold a privilege, and the Disputing Party shall cooperate in presenting the

19

dispute to the Court through the expedited procedure set forth in Local Rule 37(a)(1)(B). The

20

Producing Party, or any other party purporting to hold a privilege, shall provide the Disputing

21

Party with its draft of the joint statement contemplated by Local Rule 37(a)(1)(B)1 within

22

seven days of the conclusion of the parties' conference. In arguing issues concerning an

23

24

asserted protection for Privileged Material, no party shall claim a waiver by reason of the

25

inadvertent production in this action, a related action, or to a government agency of

26

documents that are the subject of the dispute.

27

28

*Protective Order - 15*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

32.     Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

33.     If, during a deposition, a party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) consistent with Federal Rule of Civil Procedure 30(c)(2), instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the party allows the examination concerning the document to proceed on a non-waiver basis, the parties shall sequester all copies of the purportedly–privileged or work-product protected document. Immediately following the deposition, the parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection. Until the dispute is resolved, all parties shall treat the transcript of such deposition as confidential. If the party instructs the witness not to answer questions concerning the document, the parties will then cooperate in promptly submitting the issue of the document's status to the Court for expedited resolution using the procedures set forth in Local Rule 37(a)(1)(B). A party that halts a deposition on the basis of a privilege that the Court deems not to exist may bear the cost of completing the deposition.

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

DATED this __22nd__ day of March, 2012.

WILLIAMS, KASTNER & GIBBS PLLC

By     s/Samantha W. Noonan – *per email authorization*

               Samantha W. Noonan, WSBA #41885
               Jerry B. Edmonds, WSBA #05601
               Williams, Kastner & Gibbs PLLC
               601 Union Street, Suite 4100
               Seattle WA 98101-2380
               Telephone:  (206) 628-6600
               Facsimile:  (206) 628-6611
               Email:  snoonan@williamskastner.com;
               jedmonds@williamskastner.com
Attorneys for Plaintiffs Fiberlay, Inc., R.L. Brock and Associates, Inc. and Robert L. Brock

HILLIS CLARK MARTIN & PETERSON P.S.

By     s/Joseph B. Genster

               Joseph B. Genster, WSBA #14968
               Hillis Clark Martin & Peterson P.S.
               1221 Second Avenue, Suite 500
               Seattle WA 98101-2925
               Telephone:  (206) 623-1745
               Facsimile:  (206) 623-7789
               Email:  jbg@hcmp.com

BEST & FLANAGAN LLP
Admitted *pro hac vice*

               Sarah E. Crippen
               Elizabeth C. Borer
               Best & Flanagan LLP
               225 South Sixth Street, Suite 4000
               Minneapolis, Minnesota  55402
               Telephone:  (612) 339-7121
               Facsimile:  (612) 339-5897
               Email:  scrippen@bestlaw.com;
               eborer@bestlaw.com

Attorneys for Defendants Graco Inc. and Graco Washington Inc.

*Protective Order - 17*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.      ORDER

The Parties having stipulated to the above Stipulated Protective Order, IT IS SO

ORDERED.

DATED this 9th day of March, 2012.


*MₐₚₛS Casnik*
THE HONORABLE ROBERT S. LASNIK
U.S. DISTRICT COURT JUDGE

*Protective Order - 18*

**ACKNOWLEDGMENT**

I have been informed that on _____, the U.S. District Court for the Western District of Washington at Seattle entered a STIPULATED PROTECTIVE ORDER in *IN RE FIBERLAY, INC., R.L. BROCK & ASSOCIATES, AND ROBERT L. BROCK v. GRACO, INC. AND GRACO WASHINGTON, INC.*, Case No. 11-01441 RSL.  I have read the STIPULATED PROTECTIVE ORDER, I agree to abide by the obligations of the STIPULATED PROTECTIVE ORDER as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Western District of Washington for purposes of any proceeding related to the STIPULATED PROTECTIVE ORDER, including my receipt or review of information that has been designated as "CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789